FILED
United States Court of Appeals
Tenth Circuit

October 8, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT LEE GREEN,

Petitioner-Appellant,

v.

JAMES RUDEK,

Respondent-Appellee.

No. 10-6152
(D.C. No. 5:10-CV-00133-C)
(W.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Robert Lee Green, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application for habeas relief. *See* 28 U.S.C. § 2253(c)(2) (requiring COA to appeal denial of application). Because Mr. Green has failed to make a substantial showing of the denial of a constitutional right, we deny his request for a COA and dismiss the appeal.

**I. BACKGROUND**

Mr. Green pleaded no contest to a charge of shooting with intent to kill, and on October 2, 2007, he was sentenced to a prison term of 13 years. He moved to withdraw his plea, but the state district court denied the motion after a

hearing, finding that his plea was freely and knowingly given. He sought review in the Oklahoma Court of Criminal Appeals (OCCA), requesting reduction of his sentence or permission to withdraw his plea. On July 22, 2008, the OCCA affirmed Mr. Green's sentence and conviction and denied relief because the record supported the state district court's finding that Mr. Green entered his plea knowingly and voluntarily.

Mr. Green next filed in state district court an application for postconviction relief contending that his appellate counsel had provided ineffective assistance by failing to raise the argument that his arrest at his home without a warrant violated the Fourth Amendment. The court denied relief on July 20, 2009, because (1) Mr. Green had failed to plead facts showing that he was incapable of raising his Fourth Amendment claim before the trial court or on direct appeal and (2) his plea waived his right to challenge his arrest. Mr. Green tried to appeal that decision to the OCCA, but it dismissed the appeal for his failure to attach a copy of the district-court order from which he was appealing.

For his final venture in state court, Mr. Green then filed with the trial court an "Application to Vacate Judgment and Sentence," R., Vol. 1 at 85, which alleged that his trial counsel had provided ineffective assistance by advising him to enter a plea instead of raising a Fourth Amendment claim. The court denied that application on November 23, 2009, on the same ground as its July 20 denial.

Mr. Green then filed with the OCCA a document entitled "Enter of Appearance," *id.* at 95, which the OCCA construed as a request for a writ of mandamus. It denied the request on January 13, 2010.

On February 10, 2010, Mr. Green filed his application under § 2254 in the United States District Court for the Western District of Oklahoma. The magistrate judge construed the application to raise three claims: (1) his plea was involuntary because it was the product of coercion by his trial counsel, (2) his trial counsel was ineffective in failing to contest his arrest and search on Fourth Amendment grounds, and (3) his appellate counsel provided ineffective assistance by not raising his trial counsel's failure to argue the illegality of his arrest and search. The magistrate judge recommended that the district court deny the § 2254 application. In the judge's view the state court's determination that Mr. Green's plea was knowing and voluntary should be upheld. And the magistrate judge concluded that even if Mr. Green's counsel had failed to inform him of his right to move to suppress evidence, the plea was still valid, noting that the spent shotgun shell used in the offense had been seized under a warrant, the shotgun was obtained from a third person, and the victim identified Mr. Green as the shooter. The district court adopted the report and recommendation and denied Mr. Green's application, ruling that the magistrate judge had correctly concluded that even if the Fourth Amendment issue was not procedurally barred, the issue was waived by the plea and was factually without merit.

In his pleadings in this court, Mr. Green argues that the district court erred in ruling that his Fourth Amendment issue was waived when he entered his plea, because the plea was the result of the ineffective assistance of his trial counsel.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding." 28 U.S.C. §

2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court
> arrives at a conclusion opposite to that reached by the Supreme Court
> on a question of law or if the state court decides a case differently
> than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal

quotation marks omitted). Relief is provided under the "unreasonable

application" clause "only if the state court identifies the correct governing legal

principle from the Supreme Court's decisions but unreasonably applies that

principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation

marks omitted). Thus, a federal court may not issue a habeas writ simply because

it concludes in its independent judgment that the relevant state-court decision

applied clearly established federal law erroneously or incorrectly. *See id.* Rather,

that application must have been unreasonable. For those of Mr. Green's claims

that were adjudicated on the merits, "AEDPA's deferential treatment of state

court decisions must be incorporated into our consideration of [his] request for [a]

COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

No reasonable jurist could debate whether Mr. Green's application under

§ 2254 should have been resolved in a different manner or that the issues he

presented were adequate to deserve encouragement to proceed further. *See Slack*,

529 U.S. at 484. In particular, the district court was clearly correct in ruling that

Mr. Green has not established grounds for relief even if his claims are not barred by his plea.

## III. CONCLUSION

We DENY the application for a COA and dismiss the appeal. We GRANT Mr. Green's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge